32,180-09

TO: Mr. Abel Acosta, Court Clerk
    Texas Court of Criminal Appeals
    P.O. Box 12308, Capitol Station
    Austin, Texas    78711

FROM: Rafael Vasquez, #738214
      Ramsey 1
      1100 FM 655
      Rosharon, Texas 77583

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

DATE: 3/18/2015

RE: EX PARTE Rafael Vasquez, No. 1995-CR-0685-W2

Dear Mr. Acosta,
        Please find enclosed; one copy of my timely filed
Applicant's Supplemental Objections To The Trial Court's
Order of Dismissal, And One Copy of my Applicant's
Supplemental Objections To The Trial Court's Order
of Dismissal II, both filed before The 175TH District
Court of Bexar County, Per T.R.A.P. Rule 73.4(6)(2)(West 2014)
        Unfortunately, The Nature of The issues suggest That it
would be well And Reasonable To Simply file an additional
Copy directly before your Court. Please place These documents
As well as This Letter in The Appropriate habeas Record.
        Respectfully submitted,
        Rafael Vasquez
        APPLICANT

EX PARTE                                §          IN THE 175th DISTRICT

RAFAEL VASQUEZ                           §          BEXAR COUNTY, TEXAS

                                         §

                                         §

## APPLICANT'S SUPPLEMENTAL OBJECTIONS TO THE TRIAL COURT'S ORDER OF DISMISSAL

TO THE HONORABLE JUSTICES OF SAID COURT: Greetings.

Comes now, Rafael Vasquez, Applicant herein, to file these, his supplemental OBJECTIONS TO THE Trial Court's dismissal of his Writ of Habeas Corpus. Said Order was dated 23 February, 2015, postmarked 3/5/15, and received By Applicant on 3/10/2015. Thus, he has till 3/20/2015 to timely file his objections. See Houston v. Lack 487 U.S. 266, 101 L.Ed2d 245, 108 S.Ct. 2379 (1988)(Court documents timely filed if placed in a prison unit mailbox on or before the last day of filing).

## HISTORY

For the sake of judicial economy, Applicant respectfully reminds this Honorable Court that a more complete background is contained within the Applicant's first objections filed on March 11, 2015. Here, Applicant simply attaches two additional objections.

## OBJECTION #2

a. The Trial Court lacked jurisdiction to make discretionary findings of fact and conclusions of law in her dismissal of 2/23/2015. Any discretional act performed by a disqualified judge is void. Burkett v. State 196 S.W.3d 892 (Tex.App.--Texarkana 2006). Here, the Trial Court failed or refused to make any findings of fact or conclusions of law as to whether or not she should

1.

recuse herself. When faced with a Motion for Recusal, a Judge has two options; Grant the Motion to Recuse--or pass the document on to another judge for disposition. In the instant case, the Trial Court envoked very _limited_ jurisdiction and discretion thus creating the very structural error further denying Applicant his right to an impartial fact finder. See <u>Abdygapparova v. State</u> 243 S.W.3d 191 (Tex.App.--San Antonio, 2007(This same trial court having been found to be partial, resulted in the reversal of a capital murder conviction); <u>Cain v. State</u> 947 S.W.2d 262, 264 (Tex.Crim. App. 1997); <u>Blue v. State</u> 41 S.W.3d 129, 138 (Tex.Crim.App. 2000); Tex.Const.Art. V, §1-a(6)A. Easily, the Trialf Court's _limited_ jurisdiction puposefully operated to circumvent the "reasonable member of the public at large," analysis required when a judge is faced with a Motion for Recusal. <u>Abdygapparova v. State</u> <u>supra</u>.,(citing <u>Arizona v. Fulminante</u> 499 U.S. 279 (1991).

## OBJECTION #3

a. In <u>East v. Scott</u> 55 F.3d 996,(5th Cir. 1995), the court held that "the opportunity for an evidentiary hearing in a federal habeas corpus proceeding is mandatory only where there is a factual dispute which, if resolved in the petitioner's favor, would entitle the petitioner to relief and the petitioner has not received a full and fair evidentiary hearing in the state court." (citing <u>Townsend v. Sain</u> 372 USS. 293 (1963). Here, the Trial Court has envoked discretionary, _limited_ jurisdiction that operated to deny Applicant the opportunity to envoke the appropriate standard of evidence used in answering the question of whether or not the Trial Court should this recused herself. An evidentiary

2.

hearing is required to ascertain the meritorious facts where the state trier of fact relied on an error of law in determining that she lacked jurisdiction over a writ of habeas corpus seeking only an out-of-time appeal opportunity. Townsend, supra.

Each and every allegation previously advanced in the instant application and the first submitted objection are herein reasserted.

Respectfully submitted,

Rafael Vasquez  APPLICANT

## UNSWORN DECLARATION

I, Rafael Vasquez, TDCJ #3046, an inmate confined in the Ramsey 1 Unit located in Brazoria County, Texas, swear under penalty of perjury, that the foregoing instrument is true and correct insofar as I understand the applicable law to require.

Executed this 15th day of March, 2015

Rafael Vasquez  APPLICANT

## CERTIFICATE OF SERVICE

I, Rafael Vasquez, TDCJ #738214, swear and affirm that a true and complete copy of this instrument was delivered by first class mail, postage prepaid, to the office of the Bexar County District Attorney, Mr. Nicholas "Nico" LaHood, at the Cadena-Reeves Justice Center, 300 Dolorosa, Fifth floor, San Antonio, Texas 78205-3030.

Rafael Vasquez  APPLICANT

No. 1995-CR-0685-W2

EX PARTE                    ●        IN THE 175th CRIMINAL

RAFAEL VASQUEZ            §       district court, BEXAR

                                §       COUNTY, TEXAS

                                §

## APPLICANT'S SUPPLEMENTAL LOBJECTIONS TO THE TRIAL COURT'S ORDER OF DISMISSAL II

TO THE HONORABLE JUSTICES OF SAID COURT:Greetings.

Comes now, Rafael Vasquez, Applicant herein, to file before this Honorable Court, his Supplemental Objections to the Trial Court's Order dismissing his writ of habeas corpus, dated 23 February, 2015, postmarked 3/5/15, received by Applicant on 3/10/2015. Thus, he has until 3/20/15 to timely file his objections per

Tex.R.App. Proc., Rule 73.4(b)(2); Houston v. Lack 108 S.Ct. 2379 (1988)(prison "mailbox rule").

### HISTORY

For the sake of judicial economy, Applicant respectfully points to a more complete history of this writ of habeas corpus filed with the instant application. Here, Applicant notes that he has, to date, filed an written Objections to the Court's sua sponte dismissal on 3/11/2015. See also, his Supplemental Objections #2 and #3 filed 3/15/2015. This is his second supplemental O objection timely filed in accordance with TRAP R. 73.4(b)(2).

Applicant's Objection to the Trial Court's dismissal #4:
a. Primarilly, the Trial Court alleges that she does not have jurisdiction "unless the application contains suffieient specific

1.

facts establishing that the current claims and issues have not been and could not have been presented previously in an original application." Tex.Code Crim. Proc., Art. 11.07 §4 (a)(1)(Order, Findings of Fact and Conclusions of Law, pg. 2,,2/23/2015).

However, a prisoner's application is not second or successive simply because it follows an earlier petition...a later petition is successive when it 1) Raises a claim challenging the petitioner' conviction or sentence "That was or could have been raised in an erlier petition." Id. Interestingly, The Trial Court has overlooked this element of the statutory requirements. And in any eveant, by definition, Applicant hoes not rely on newly discovedred evidence to show that a "reasonable fact-finder would [not] have foiund the ApOlicant guilty of the underlying offense." See 2244 § 2244 (b)(2)(A)(B), nor that his claim "relies on a new rule of constitutional law." Cain v. State 947 S.W.2d 262, 264 (Tex. Crim.App. 1997)("non-successive writ dismissed as 'not necessary). Accordingly the applicant's document is not successive simply because it follows another application. The application should be REMANDED BACK TO THE Trial Court to address the issues therein.

Objection #5: And in any event, the appropriate behicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals, V.A.C.C.P. Art. 11.07; Ashorn v. State 77 S.W.3d 405, 409 (Tex.App.---Houston [1st Dist.] 2002, pet. filed); Rivera v. State 940 S.W.2d 148, 149 (Tex.App.-S, San Antonio 1996, no pet.); Olivo v. State 918 S.W.2d 519, 525 n. 8 (Tex.Crim.App. 1996)("denial of a meaningful appeal due to ineffective assistance of counsel is proper grounds for habeas relief"). Thus, the prior application, seeking only an out-of-

2.

time opportunity to file PDR was "another matter" neither of (i.e. TRAP Rule 68/PDR) R.V.
which have anything to do with the underlying conviction other than "sharing the same forum or fact-finding" that do not reach the definition of a challenge to the conviction. Ex Parte Evans 964 S.W.2d 643 (Tex.Crim.App. 1998). Accordingly, the Trial Court's dismissal was improvident and this Honorable Court should REMAND the application back to the Trial Court for consideration of the issues therein.

Respectfully submitted,

Rafael Vasquez  APPLICANT

## UNSWORN DECLARATION

I, Rafael Vasquez, TDCJ #738214, an inmate confined in the Ramsey 1 Unit located in Brazoria County, Texas, swear under penalty of perjury that the foregoing instrument is true and correct insofar as I understand the applicable law to require.

Executed this 17th day of March, 2015.

Rafael Vasquez  APPLICANT

## CERTIFICATE OF SERVICE

I, Rafael Vasquez, TDCJ #738214, swear and affirm that a true copy of this instrument has been delivered to the office of the District Attorney, Bexar County, postage prepaid, at Cadena-reeves Justice Center, 300 Dolorosa, 5th floor, San Antonio, Texas, 78205-3030 on this, the 17th day of March, 2015.

Rafael Vasquez  APPLICANT

3.